IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| JEFFERY HALL JR., | ) |
| | ) Case No. 18 CV 7427 |
| Plaintiff, | ) |
| | ) Judge Lefkow |
| v. | ) |
| | ) Magistrate Judge Valdez |
| OFFICER BRIAN COLLINS, Star #16054 | ) |
| and the CITY OF CHICAGO, | ) JURY DEMAND |
| | ) |
| Defendants. | ) |

## SECOND AMENDED COMPLAINT

**NOW COMES** the Plaintiff, JEFFERY HALL JR., by and through his attorneys, JEFFERY J. NESLUND, LAW OFFICES OF JEFFREY J. NESLUND and ROBERT ROBERTSON, ROBERTSON DURIC, and in complaining against the Defendants, CHICAGO POLICE OFFICER BRIAN COLLINS, STAR #16054, individually, and the CITY OF CHICAGO, a municipal corporation, states as follows:

### INTRODUCTION

1. This action is brought pursuant to 42 U.S.C. §1983 to address deprivations of Plaintiff's rights under the Constitution of the United States.

### JURISDICTION

2. The jurisdiction of this Court is invoked pursuant to the Civil Rights Act, 42 U.S.C. §§ 1983 and 1985; the Judicial Code 28 U.S.C. §§ 1331 and 1343(a); the Constitution of the United States; and pendent jurisdiction as provided under U.S.C. § 1367(a).

### VENUE

3. Venue is proper under 28 U.S.C. Section 1391 (b). All of the parties reside in this judicial district and the events described herein all occurred within this district.

1

## THE PARTIES

4. Mr. Hall Jr. resides in the Northern District of Illinois.

5. The Defendant, Officer Collins, was at all relevant times a duly appointed police officer of the City of Chicago and at all relevant times was acting within his scope of employment and under color of law.

6. Defendant City of Chicago is a municipal corporation duly incorporated under the laws of the State of Illinois and is the employer and principal of Defendant Collins.

## FACTS

7. On or about September 7, 2017, Mr. Hall Jr. was in the area of 1127 S. Sacramento Street in Chicago, Illinois.

8. Thereafter, without lawful justification or excuse, Defendant Collins fired his weapon at Mr. Hall Jr., striking and injuring him.

9. The actions of Defendant Collins were intentional, willful and wanton and/or committed with reckless indifference and disregard for Mr. Hall Jr.'s rights.

10. The actions of Defendant Collins were objectively unreasonable under the circumstances.

## COUNT I—EXCESSIVE FORCE (Section 1983)

11. Plaintiff hereby incorporates all previous paragraphs as though fully set forth herein.

12. The actions of Defendant Collins as set forth hereto constitute excessive force against Mr. Hall Jr., thus violating his rights under the Fourth and Fourteenth Amendments to the United States Constitution and 42 U.S.C. Section 1983.

13. As a direct and proximate consequence of Defendant Collins' conduct, Mr. Hall Jr. suffered damages, including without limitation violations of his constitutional rights, emotional anxiety, fear, pain and suffering, and monetary expense.

**WHEREFORE**, the Plaintiff prays for judgment against Defendant Collins for an award of reasonable compensatory and punitive damages, plus attorneys' fees and costs.

## COUNT II – BATTERY (state law claim)

14. Plaintiff hereby incorporates all previous paragraphs as though fully set forth herein.

15. The conduct of Defendant Collins resulted in offensive physical contact with Mr. Hall, Jr. made without his consent, thus constituting battery under Illinois law.

16. Defendant Collins' actions proximately caused Mr. Hall Jr. to suffer injuries, including without limitation bodily harm as well as pain and suffering.

**WHEREFORE**, the Plaintiff prays for judgment against Defendant Collins for an award of reasonable compensatory and punitive damages, plus costs.

## COUNT III—INDEMNIFICATION

17. Plaintiff hereby incorporates all previous paragraphs as though fully set forth herein.

18. At all relevant times, Defendant City of Chicago was the employer of Defendant Collins.

19. Defendant Collins committed the acts alleged above under the color of law and in the scope of his employment as an employee of the City of Chicago.

20. In Illinois, public entities are directed to pay for any tort judgment for compensatory damages for which employees are liable within the scope of their employment

activities.

21. As a proximate cause of the unlawful acts of Defendant Collins, which occurred within the scope of his employment, Mr. Hall Jr. was injured.

**WHEREFORE**, should the individual Defendant be found liable on one or more of the federal claims set forth above, Plaintiff demands that Defendant City of Chicago be found liable for any compensatory judgment Plaintiff obtains against said Defendant, plus attorneys' fees and costs awarded and such other and additional relief that this Court deems equitable and just.

## COUNT IV—*RESPONDEAT SUPERIOR*

22. Each of the paragraphs above is incorporated by reference as though fully stated herein.

23. In committing the acts alleged in the preceding paragraphs, Defendant Collins was an agent of the City of Chicago and was acting at all relevant times within the scope of his employment and under color of law.

24. Defendant City of Chicago is liable as principal for all torts committed by its agents.

**WHEREFORE**, should the individual Defendant be found liable on one or more of the state claims set forth above, Plaintiff demands that, pursuant to *respondeat superior*, Defendant City of Chicago be found liable for any compensatory judgment Plaintiff obtains against said Defendant, as well as costs awarded.

## JURY DEMAND

The Plaintiff requests a trial by jury.

Respectfully submitted,

/s/ Jeffrey J. Neslund
One of Plaintiff's Attorneys

Jeffrey J. Neslund
Law Offices of Jeffrey J. Neslund
20 N. Wacker Drive, Suite 3710
Chicago, IL 60606 - (312) 223-1100

Robert Robertson
Robertson Duric
One N. LaSalle Street, Suite 300
Chicago, IL 60602 - (312) 223-8600